(35 Misc. Rep. 472.)

PELL v. PELL et al.

(Supreme Court, Special Term, New York County. July, 1901.)

1. DEEDS—CONSTRUCTION—HIGHWAYS—CONVEYANCE—PRESUMPTION.
    There is a strong and well-recognized presumption of law that a grantor who conveys property abutting on a public highway does not intend to reserve to himself the fee of the bed of such highway; clear and decisive language showing a contrary intention being required to rebut such presumption.

2. SAME.
    A deed conveyed a farm in the city of New York divided by a road. The deed, after conveying separately the part west of the road with the bed of the westerly half of the road, conveyed the part east of the road by a description in courses and distances, viz. "Beginning on the east side of Greenwyck road at the northwest corner of the land of S. [adjoining on the south], * * * known in a division of the estate of O., deceased, by lot No. 2, and bounded * * * to the westward by Greenwyck road." *Held*, that the description sufficiently conveyed to the grantee the fee of the bed of the easterly half of the road.

Bill by Herbert C. Pell against Charlotte L. Pell and others for partition. On motion to compel the purchaser at the sale to complete the purchase. Motion granted.

P. Chauncey Anderson and William Temple Emmet (E. Ellery Anderson, of counsel), for plaintiff.

Arthur Knox, for purchaser.

BLANCHARD, J.  This is a motion to compel a purchaser at a partition sale to complete his purchase by making the necessary payment and accepting the deed tendered.  The purchaser refuses to do this, alleging that the deed tendered does not convey to him a good and marketable title.  The premises in question are known as No. 483 Eighth avenue in the borough of Manhattan, city of New York, and are situated on the west side of Eighth avenue, 24 feet 9 inches north of Thirty-Fourth street, and have a depth of 100 feet and a width of 24 feet 8 inches.  The rear of the premises includes the easterly half of what was formerly known as the Greenwyck or Fitzroy road, and also a portion of the westerly half of said road.  The purchaser refuses to complete, because he claims that the referee cannot give title to that portion of the premises which formerly was included in the easterly half of this road.  The facts concerning the title, so far as they appear from the papers submitted on this motion and affect the question raised, are as follows:  The premises in question formed part of a farm situated on both sides of this old Greenwyck or Fitzroy road, and prior to 1782 was the property of one Jacobus Van Orden, who died seised of it in that year, leaving a will which was probated in New York county.  By this will the farm was devised to his daughter, Magdalena, wife of Thomas Tibbett Warner, and was conveyed by the said Magdalena Warner and her husband to John Watts by deed dated May 3, 1791, and recorded February 24, 1797, in Liber 55 of Conveyances, page 356.  By this deed the farm was conveyed by two separate descriptions, one describing the property west of the Greenwyck road, and the other the property east of the road.  It is not questioned here but that the description of the property west of the road carries with it the fee of the bed of the road to the center thereof, but it is claimed that the description of the property east of the road did not convey the fee of the other half of the bed of the road.  The road was subsequently and in 1834 closed under proceedings taken by the city of New York pursuant to an act of the legislature passed April 20, 1818.  Although the city of New York by quitclaim deed conveyed the easterly half of the road thus closed to the then owner of the property abutting the said road, it seems to be conceded here that no rights to the fee of the bed of the road vested in the grantee under such conveyance.  The purchaser contends that the fee of the bed of the easterly half of the road thus closed reverted to the heirs of Magdalena Warner, because the description in the deed above referred to of the land on the easterly side of the road did not include the fee to the center of the road.  The plaintiff, on the other hand, contends that the description was sufficient to include the fee to the one-half of the road abutting the property, and that, therefore, the referee's deed conveying the title of the parties to the partition suit was a proper conveyance of a good title to the entire property.  The important question, therefore, to be determined is:  Was the fee to the easterly half of Greenwyck road conveyed under the description of the land on the easterly side of the road in the deed from Magdalena Warner to John Watts, in 1791?  This description is as follows:

"All that certain other lot, piece, or parcel of land beginning on the east side of Greenwyck road at the northwest corner of the land of Lewis Scott, directly opposite to the southeast corner of the land above conveyed, and runs thence south, 60 degrees east, 12 chains and 75 links to land of Isaac Schultz; thence along his land north, 29 degrees east, 15 chains 40 links, and thence north, 59 degrees west, 13 chains and 15 links to the Greenwyck road aforesaid; thence along said road south, 17 degrees west, 2 chains; south, 30 degrees and 30 minutes west, 12 chains and 90 links; south, 31 degrees and 30 minutes west, 82 links,—containing 19 acres, 3 rods, and 36 perches, more or less, and is known in a division of the estate of Jacobus Van Orden, deceased, by lot No. 2, and is bounded to the east by lot No. 1, now belonging to Isaac Schultz, to the westward by Greenwyck road, to the northward by land of Isaac Varian, and to the southward by land of Lewis Scott, as the same was surveyed and laid out in the year 1786 by Casimer Goerck, surveyor."

There is a strong and well-recognized presumption in law that a grantor who conveys property upon a public highway does not intend to reserve to himself the fee of the bed of such highway, and the rule is that it requires clear and decisive language showing a contrary intention to rebut such presumption. Holloway v. South-mayd, 139 N. Y. 400, 34 N. E. 1047, 1052; In re Ladue, 118 N. Y. 219, 23 N. E. 465; Bank v. Nichols, 64 N. Y. 71. The force of this presumption in the present case is intensified by the fact that the grantor conveyed the property on the westerly side of the road by language which the law holds indicative of the intention to convey the bed of the road. It would, indeed, be strange, if having in the same instrument conveyed the fee to one half of the bed of the road, he should retain the fee to the other half when he conveyed to the same grantee the land on both sides of the road. While it is true, as the purchaser contends, that the designation of the "side" of the road is held to exclude the fee to the soil of the abutting road, it will be here observed that the starting point of the description is not simply a point on the "side" of the road, but the side of the road "at the northwest corner of the land of Lewis Scott," which land adjoins the property conveyed on the south. If, therefore, the land of Lewis Scott ran to the center of the road, then the description here employed must be held sufficient to include the fee to the center of the road. In re Mayor, 20 App. Div. 404, 46 N. Y. Supp. 832, affirmed 155 N. Y. 638, 676, 49 N. E. 1100. The description of the Scott property to the south makes the starting point as "the southwestermost corner of the land of Jacob Van Norden lying on the same side." We are thus left in doubt as to whether or not the Scott property on the easterly side of the road included the fee to the adjoining road to the center thereof. The starting point of the property involved in this case is, therefore, so far as the particular portion of the description under consideration is concerned, left open to uncertainty, but this uncertainty is cleared away when the latter portion of the description is considered. It is there stated that the property is known as lot No. 2 in "the division of the estate of Jacobus Van Orden, deceased, * * * and is bounded * * * to the westward by Greenwyck road." It is well settled that this description is suffi-cient to pass the fee of the bed of the road to the grantee. Ger. Real Estate (4th Ed.) p. 510. By assuming the northwest corner of

the Scott property as the center of the road, and that point as the starting point, the entire description can be harmonized.   From the facts in this case I conclude it to have been the intention of the grantor to have conveyed the fee to the bed of the road adjoining the property on the easterly side of Greenwyck road; at least I see nothing in the description employed to overcome the legal presumption that the grantor intended to convey to the center of the road.

The plaintiff produces a number of affidavits in support of the record title, showing a title by adverse possession.  The sufficiency of the proof on this phase of the title does not seem to be questioned by the purchaser, except that it is claimed that there is no proof that Magdalena Warner is dead, neither is it shown who her heirs are, if dead, and whether or not such heirs are of full age or of sound mind. I think, however, that the lapse of time in this case is an answer to such contention.   Faile v. Crawford, 30 App. Div. 536, 52 N. Y. Supp. 353; Hamershlag v. Duryea, 58 App. Div. 288, 68 N. Y. Supp. 1061; Ottinger v. Strasburger, 33 Hun, 466.

The title is therefore, in my opinion, such a one as the purchaser was obliged to take, and the motion should accordingly be granted.

Motion granted, with $10 costs.